UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAZEL SAVAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:03CV0533 RWS |
| ) | |
| WYETH, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Wyeth's motion to "Preclude Plaintiff's Experts from Testifying That the Labeling for Pondimin Violated FDA Regulations" [#65]. The motion will be denied.

### **BACKGROUND**

Plaintiff's complaint alleges injuries to her aortic heart valve resulting from the use of diet drugs Pondimin (fenfluramine) and Redux (dexfenfluramine) manufactured by Wyeth. Plaintiff's claims under Missouri law include improper and inadequate warnings by Wyeth in the labeling of Pondimin.

This case was originally brought in the Circuit Court of the City of St. Louis, Missouri, and was removed to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1441.

Wyeth has moved, based on Daubert v. Merrill Dow Pharm., 509 U.S. 579 (1993), to preclude Plaintiff's experts, Drs. Lemuel Moye and Alan Richard Maniet, Jr., from testifying that the labeling of Pondimin violated Food and Drug Administration (FDA) regulations for drug labeling. Wyeth argues that the subject matter of the testimony is improper because state law

claims of improper labeling are preempted by FDA labeling regulations.

## ANALYSIS

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

In Daubert, the Supreme Court held that Rule 702 imposes a gatekeeping responsibility upon the district court to ensure that an expert's testimony is both relevant and reliable. See Daubert, 509 U.S. at 589; Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999); Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc., 254 F.3d 706, 714-15 (8th Cir. 2001). "Daubert provides a number of nonexclusive factors a court can apply in performing this role: (1) whether the theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether the theory has been generally accepted." Lauzon, 270 F.3d at 686-87 (citations and internal quotations omitted).

"Daubert's progeny provide additional factors such as: whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected proposed testimony with the facts of the case." Id. at 687 (citations omitted).

Wyeth's motion contends that Plaintiff's improper labeling claims are preempted by FDA labeling regulations. Wyeth's motion, while purportedly relying on Daubert, actually attacks the

propriety of Plaintiff's improper labeling claims.

Wyeth's motion is not a Daubert-type motion. Wyeth has failed to address the relevance or reliability of the proffered expert opinion testimony under Rule 702 or the factors enumerated by Daubert and its progeny. As a result, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Wyeth's Motion to Preclude Plaintiff's Experts from Testifying That the Labeling for Pondimin Violated FDA Regulations [#65] is **DENIED**.

Dated this 25th day of April, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE