UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HAZEL SAVAGE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:03CV0533 RWS |
|  | ) |  |
| WYETH, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before me on Defendant John S. Daniels, M.D.'s, Motion to Certify Dismissal as Final and Appealable Under Rule 54(b) [#85]. The motion will be granted.

**BACKGROUND**

On March 6, 2003, Hazel Savage brought this suit regarding the diet drug Pondimin in Missouri state court against Wyeth, the manufacturer of the diet drug, and Dr. John Daniels, the doctor in a weight loss clinic who prescribed her the drug. On April 25, 2003, Wyeth removed the case to this Court alleging that Dr. Daniels was fraudulently joined to defeat diversity jurisdiction.

This case was subsequently transferred to the MDL court handling the diet drugs products liability litigation. On April 2, 2004, the MDL court dismissed the

claims against Dr. Daniels, finding that he had been fraudulently joined.

Following dismissal from this case, Dr. Daniels filed suit against Savage and her attorneys, the firms Fleming & Associates and Brown & Crouppen, for malicious prosecution and abuse of process in the Circuit Court for the City of St. Louis. Included in that action are two other diet drug plaintiffs, Sandra Stittum and Fegina Uwalaka, also represented by Fleming and Associates and Brown and Crouppen.

Savage, Uwalaka, Stittum, and the attorney defendants in the malicious prosecution cases have taken the position that, because their dismissed claims have not been reduced to final judgment, Dr. Daniels is precluded from seeking relief for having been fraudulently joined in the diet drug cases.

Dr. Daniels asks that I certify his dismissal as a final judgment so that he can proceed in the state court action. United States District Judge Catherine D. Perry has already certified his dismissal as a final judgment in the Stittum case.

Savage argues that I should not certify the dismissal as a final judgment because her case, as well as 8,000 other diet drug cases, are in the post-settlement stage, and that to certify the dismissal as final would be disruptive to the settlement proceedings. Savage argues in the alternative that should I be inclined to grant Dr. Daniels' motion, that I should stay the certification for 90 days so that the settlement

proceedings can proceed without disruption.

## STANDARD

The Federal Rules allow a court to enter final judgment upon fewer than all claims in a suit when there is "no just reason for delay":

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). When deciding whether there is any 'just reason for delay' under 54(b), "a district court must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980). The decision is left to the "sound judicial discretion of the district court." Id. However, the court should be mindful of the "historic federal policy against piecemeal appeals." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956).

Factors that are relevant in considering whether to certify a judgment as final under 54(b) include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second

time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Hayden v. McDonald, 719 F.2d 266, 269 (8th Cir. 1983) (citing Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3d Cir. 1975)).  Whether each factor applies depends on the facts of the specific case.

Additionally, to grant relief there should be "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. at 268 (quoting Brunswick Corp. v. Sheridan, 582 F.2d 175, 183 (2d Cir. 1978)).  "A Rule 54(b) determination should not be made routinely; it is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit." Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 806-07 (8th Cir. 1993) (quoting Hardie v. Cotter & Co., 819 F.2d 181, 182 (8th Cir. 1987)).

## ANALYSIS

Dr. Daniels argues that his dismissal should be certified under Rule 54(b) because there is no cognizable reason why the suit against him should remain part of the ongoing litigation against Wyeth, because the equities of the situation weigh in favor of finality, and because judicial administrative interests would be served.  Dr. Daniels further argues that the policy against piecemeal appeals is not implicated in

this case because no other defendants were alleged to be fraudulently joined, because Savage has not brought suit against any other defendants based on medical malpractice, and because Savage's claims against Wyeth and Dr. Daniels are premised on unrelated legal theories.

Savage argues that the requirements of Rule 54(b) have not been met because the finding by the MDL panel that Dr. Daniels was fraudulently joined is not "extraordinary." Savage further argues that Dr. Daniels has failed to show that he would suffer hardship or injustice by having this case "run its procedural course."

I find that Dr. Daniels has shown that the requirements of Rule 54(b) have been met. Savage's claims against Dr. Daniels are completely unrelated to those claims that are currently being settled with the drug manufacturers. As a result, piecemeal appeals will not occur as a result of the certification.

I am unpersuaded that certification would negatively impact the settlement negotiations between diet drug plaintiffs and diet drug manufacturers across the country. The cases are unrelated. As a result, I find that the equities lie in favor of granting certification in this case.

Finally, I find that Dr. Daniels would suffer hardship and injustice if his dismissal were not to be made final. Although he was dismissed from the diet drug litigation over two years ago, he is currently without the ability to seek a remedy in

state court based on the fact that he was fraudulently joined in the diet drug litigation. As a result, it is in the interests of justice to certify his dismissal as final under Rule 54(b). Additionally, I find no just reason for delay, and I will deny Savage's motion to stay.

Accordingly,

**IT IS HEREBY ORDERED** that dismissed defendant Dr. John Daniels's Motion to Certify Dismissal as Final and Appealable Under Rule 54(b) [#85] is **GRANTED**.

**IT IS FURTHER ORDERED** that Savage's Motion to Stay [#87] is **DENIED**.

A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 16th day of June, 2006.

                                                    RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE